UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON BODE,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT K. WONG, warden,<br><br>    Respondent.<br>                                        / | No. C 09-5848 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING SCHEDULE** |

## INTRODUCTION

Clifton Bode, an inmate serving an indeterminate 7-to-life sentence on a first degree murder conviction, filed this pro se action under 28 U.S.C. § 2254 to challenge a 2008 decision by the Board of Parole Hearings ("BPH") that found him not suitable for parole. He later filed another habeas action, Bode v. Wong, No. C 10-1527 SI, to challenge a 2009 decision by the BPH that also found him not suitable for parole.

The matter is now before the court for consideration of respondent's motion to dismiss, which petitioner opposes. Respondent argues that the challenge to the BPH's 2008 decision is now moot because the BPH held another hearing in 2009. In respondent's view, Bode has already received the relief to which he would be entitled if he prevailed here. The argument is unpersuasive because, if he prevails, Bode will not be entitled to just another hearing, but to another hearing that comports with due process. It cannot be determined at this time whether the 2009 hearing did comport with due process.

**DISCUSSION**

Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The focus here is on that last requirement, i.e., whether the injury is likely to be redressed by a favorable decision.

A prisoner who prevails on a due process challenge to the sufficiency of the evidence at a BPH hearing is entitled to "an order directing the Department of Corrections to vacate its order of revocation and thereafter to proceed in accordance with [state] due process of law." In re Prather, 234 P.3d 541, 552 (Cal. 2010). The prisoner's state-created liberty interest in parole as clarified by Prather governs the federal habeas court. See Haggard v. Curry, No. 10-16819, slip op. 19633, 19642-43 (9th Cir. Dec. 9, 2010). "[W]here the Board denies parole without 'some evidence' of current dangerousness, the prisoner in question is entitled under state law only to a new parole-suitability decision by the Board, Prather, 234 P.3d at 553-54, and not to release from custody or a judicial parole determination." Haggard, slip op. at 19642-43. Prather does not command an unguided do-over of the parole hearing where the exact same mistake may be repeated; instead, it requires that the BPH proceed in light of the judicial determinations about the evidentiary sufficiency. "[A] judicial order granting habeas corpus relief implicitly precludes the Board from again denying parole–unless some additional evidence (considered alone or in conjunction with other evidence in the record, and not already considered and rejected by the reviewing court) supports a determination that the prisoner remains currently dangerous." Prather, 234 P.3d at 554 (emphasis in source).

The present dispute is not moot because it cannot be said with certainty that Bode has received the relief to which he will be entitled if he prevails in this action. If Bode prevails on his claim that the evidence was insufficient to support the denial at the 2008 hearing, the BPH will have to hold a new hearing at which it essentially will be precluded from reaching the same

result on the same evidence. See Prather, 234 P.3d at 554. Another parole hearing was held for Bode in 2009, but it is not yet known what the evidence was at the 2009 hearing and therefore whether that 2009 hearing comported with due process as described in Prather. Respondent's argument assumes a fact – that the 2009 hearing comported with due process – that respondent must prove to establish that the challenge to the 2008 decision is moot. In light of respondent's inability to prove that Bode already has received the relief to which he will be entitled if he prevails in his challenge to the 2008 decision, respondent's mootness argument fails.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is DENIED. (Docket # 6.) The court now sets the following new briefing schedule on the petition:

1. Respondent must file and serve upon petitioner, on or before **February 11, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 18, 2011**. Petitioner's traverse may not exceed 20 pages in length.

IT IS SO ORDERED.

DATED: January 11, 2011

SUSAN ILLSTON
United States District Judge

3